**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| ERROL DUKE MOSES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )          1:03CV910 |
| | ) |
| CARLTON JOYNER, Warden, Central | ) |
| Prison, Raleigh, North Carolina, | ) |
| | ) |
| Respondent.[1] | ) |

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to Federal Rule of Civil Procedure 60(b)(6),
Petitioner Errol Duke Moses, a prisoner of the State of North
Carolina subject to a death sentence, again[2] seeks relief from the
now-nearly-decade-old judgment of this Court (Docket Entry 37),
which denied his Petition under 28 U.S.C. § 2254 (Docket Entry 6).
(See Docket Entry 85.)  Because Petitioner has failed to show
entitlement to relief, the Court should deny his instant Motion.

---

[1] "Carlton Joyner has succeeded Gerald Branker as the Warden
of Central Prison."  (Docket Entry 88 at 1 n.1.)  Joyner thus now
appears as Respondent.  See Fed. R. Civ. P. 25(d).

[2] Previously, Petitioner filed a Motion to Alter or Amend
Judgment (Docket Entry 38), which the Court (per United States
District Judge William L. Osteen, Sr.) denied (Docket Entry 43),
and a Motion for Relief from Judgment (Docket Entry 58), which the
Court (per United States District Judge Thomas D. Schroeder)
construed as a successive habeas petition and transferred to the
United States Court of Appeals for the Fourth Circuit (Docket Entry
72; see also Docket Entry 78 (documenting dismissal of Petitioner's
appeal of that order)).  The Fourth Circuit subsequently refused to
permit Petitioner to pursue his successive petition.  In re Moses,
No. 13-1 (4th Cir. Feb. 7, 2013) (unpublished).

Following his conviction for two counts of murder and the imposition of a death sentence in Superior Court in Forsyth County, North Carolina ("the trial court"), Petitioner appealed, whereupon the North Carolina Supreme Court affirmed his convictions and sentence (and the United States Supreme Court declined review). State v. Moses, 350 N.C. 751, 517 S.E.2d 853 (1999), cert. denied, 528 U.S. 1124 (2000).  On September 15, 2000, Petitioner (through counsel) filed a Motion for Appropriate Relief ("MAR") in the trial court.  (Docket Entry 12, Tab 5.)  He later amended that MAR. (Id., Tab 7.)  In orders dated August 17, 2001, and September 6, 2001, the trial court denied Petitioner's MAR (as amended).  (Id., Tabs 9, 11.)  The North Carolina Supreme Court declined review. State v. Moses, 356 N.C. 442, 573 S.E.2d 160 (2002).

Petitioner (again via counsel) thereafter instituted this action under Section 2254, asserting two claims for violations of his Sixth Amendment right to effective assistance of counsel, the first concerning comments by one of his trial attorneys during the guilt phase and the second pertaining to his trial attorneys' handling of the sentencing phase.  (Docket Entry 6.)[3]  On July 27, 2005, United Stated Magistrate Judge Russell A. Eliason recommended

---

[3]  The Petition nominally identified three grounds for relief (see Docket Entry 6, ¶ 12(A), (B), & (C)); however, Grounds One and Two involved the same underlying guilt phase ineffectiveness claim, with Ground One addressing a threshold procedural default issue and Ground Two addressing the merits (see id., ¶ 12(A) & (B)).

denial of the Petition. (Docket Entry 30.) Said Recommendation observed that Petitioner's sentencing phase ineffectiveness claim "attempt[ed] to drastically broaden [the allegations from his MAR]." (Id. at 27.) Specifically, "[i]n addition to counsel's alleged ineffectiveness for not presenting the humanizing testimony of [Petitioner's girlfriend and grandmother (as alleged in the MAR)], the claim . . . include[d] allegations of a grossly inadequate investigation . . . [and] contend[ed] that a proper investigation would have uncovered a great deal of evidence that demonstrated the details of his troubled childhood and that would have further supported the sentencing phase argument that he was a caring and worthwhile person." (Id.)

The Recommendation deemed those newly-raised matters unexhausted and procedurally barred (id. at 28-33)[4] and thus "limit[ed] its review of [P]etitioner's [sentencing phase] ineffective assistance claim to the theory and facts raised in his MAR" (id. at 33). "[As] to the merits of that portion of the

---

[4] Petitioner had opposed any finding of non-exhaustion and procedural bar by contending that his MAR adequately presented to the trial court the broad sentencing phase ineffectiveness claim that Petitioner advanced in his Petition (Docket Entry 17 at 7) or that, if his MAR did not properly preserve said claim, "ineffective assistance of [MAR] counsel constitut[ed] cause [to excuse] the default" (id.; see also id. at 7-11 (developing argument that Petitioner's MAR counsel provided ineffective assistance that satisfied "cause and prejudice" exception to procedural bar)). Magistrate Judge Eliason's Recommendation rejected both such positions (see Docket Entry 30 at 28-33), observing as to the latter "that the constitutional right to counsel does not extend to collateral proceedings" (id. at 33).

claim, . . . [the Recommendation found] that [trial] counsel's decision to rely solely on [Petitioner's mother] for personal mitigation testimony was a reasonable and effective trial strategy considering the inconsistent and potentially damaging testimony that could have come from [his girlfriend and grandmother]." (Id. at 33-34; see also id. at 34-35 (analyzing, in detail with record citations, mitigation approach taken by Petitioner's trial counsel, its effectiveness, and risks of Petitioner's new, proposed course, including as perceived by his trial counsel at time of trial).) Accordingly, regarding Petitioner's sentencing phase ineffective assistance of counsel claim, the Recommendation concluded "that the state court's decision that [P]etitioner [] failed to establish deficient performance and resulting prejudice was neither contrary to nor an unreasonable application of established federal law as determined by the United States Supreme Court." (Id. at 36.)

By Order dated October 18, 2005, the Court (per United States District Judge William L. Osteen, Sr.) adopted Magistrate Judge Eliason's foregoing Recommendation. (Docket Entry 36.) The Fourth Circuit affirmed and the United States Supreme Court declined review. Moses v. Branker, No. 06-8, 2007 WL 3083548 (4th Cir. Oct. 23, 2007) (unpublished), cert. denied, 554 U.S. 924 (2008). The Fourth Circuit's decision, inter alia, "conclude[d] that [this] [C]ourt did not err in holding that [Petitioner] failed to exhaust in state court the [sentencing phase] ineffective assistance of

counsel claim now presented in his federal habeas [P]etition." Id. at *3.   Further, the Fourth Circuit ruled that Petitioner's "conten[tion] in the alternative that the ineffectiveness of his post-conviction (MAR) counsel constitute[d] cause for any default on his part . . . [wa]s foreclosed by [the] decision in Mackall v. Angelone, 131 F.3d 442 (4th Cir. 1997), which holds that the ineffectiveness of post-conviction counsel cannot constitute cause to excuse a procedural default."   Moses, 2007 WL 3083548, at *3.

On August 11, 2005 (i.e., after entry of the above-referenced Recommendation, but before its adoption by the Court), Petitioner (once more through counsel) submitted a second MAR in the trial court, asserting an ineffective assistance of counsel claim for inadequate investigation and presentation of mitigation evidence (addressing the same matters Magistrate Judge Eliason's Recommendation deemed unexhausted and procedurally-barred), as well as a claim that Petitioner's original MAR counsel provided ineffective assistance by failing to conduct a proper mitigation investigation (and, as a result, to raise the ineffective assistance of trial counsel claim presented in the second MAR). (Docket Entry 34, Exh. 1.)   The trial court orally denied Petitioner's second MAR on December 20, 2005, and entered a written order to that effect on March 3, 2006.   (Docket Entry 85, App. 2.) The North Carolina Supreme Court subsequently declined review. State v. Moses, 360 N.C. 652, 639 S.E.2d 57 (2006).

On October 1, 2009, Petitioner (yet again via counsel) tendered a third MAR to the trial court, this time claiming that the State had violated his federal constitutional rights as construed, inter alia, in Brady v. Maryland, 373 U.S. 83 (1963), and Napue v. Illinois, 360 U.S. 264 (1959), by failing to disclose an immunity agreement with a witness who testified at trial and by knowingly failing to correct false testimony at trial about the issue of immunity.  (Docket Entry 58, Attach. 1.)  The trial court denied that third MAR by order dated July 9, 2010.  (Id., Attach. 2.)  The North Carolina Supreme Court thereafter declined review. State v. Moses, ___ N.C. ___, 706 S.E.2d 246 (2011).

Based on the same allegations raised in his third MAR, on September 23, 2011, Petitioner, "through counsel and pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, move[d] this Court for relief from its final judgment [denying his Petition]." (Docket Entry 58 at 1; see also id. at 21 ("In the alternative, [Petitioner] requests that this Court exercise its authority to set aside a judgment 'for fraud on the court' pursuant to [Federal] Rule [of Civil Procedure] 60(d)(3).").)  The Court (per United States District Judge Thomas D. Schroeder) treated that filing as a successive habeas petition and transferred it to the Fourth Circuit.  (Docket Entry 72; see also Docket Entry 78 (documenting dismissal of Petitioner's appeal of that order).)  The Fourth

Circuit then denied authorization for successive habeas litigation. In re Moses, No. 13-1 (4th Cir. Feb. 7, 2013) (unpublished).

On August 19, 2014, Petitioner (via counsel) filed his instant Motion. (Docket Entry 85.) Respondent has responded (Docket Entry 88) and Petitioner has replied (Docket Entry 89).

## II. DISCUSSION

Petitioner seeks relief under Federal Rule of Civil Procedure 60(b)(6) because, "[i]n Martinez [v. Ryan, ___ U.S. ___, 132 S. Ct. 1309 (2012)], the [United States Supreme] Court announced an exception to longstanding precedent and found that, under certain circumstances, and for purposes of habeas review, post-conviction counsel's failure to raise ineffective assistance of trial counsel claims could excuse a procedural default of those claims." (Docket Entry 85 at 5.) Specifically, Petitioner contends that "[his] allegations regarding [his] trial counsel's failure to adequately investigate and present mitigating evidence [which this Court ruled procedurally barred] . . . fall within the Martinez exception." (Id. at 6; see also id. at 8 ("The intervening change in law represented by Martinez, permitting the federal courts to excuse a petitioner's procedural default based on ineffective assistance of post-conviction counsel, directly overruled the decision [by this Court] for which reconsideration has been sought.").) Petitioner thus asks the Court to revive his sentencing phase ineffective assistance of counsel claim by "vacating the judgment entered on

7

October 18, 2005, dismissing [his] [P]etition . . . in its entirety[.]" (Id. at 10.) The Court should reject that request.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, <u>under a limited set of circumstances</u>, including fraud, mistake, and newly discovered evidence." <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 528 (2005) (emphasis added). "Rule 60(b)(6), the particular provision under which [P]etitioner brought his [instant] [M]otion, permits reopening when the movant shows 'any reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)-(5)." <u>Id.</u> at 528-29 (quoting Fed. R. Civ. P. 60(b)(6)) (internal ellipses omitted). The United States Supreme Court has limited the universe of such "other" reasons that "justify[] relief" by "requir[ing] a movant seeking relief under Rule 60(b)(6) to show '<u>extraordinary circumstances</u>' justifying the reopening of a final judgment." <u>Id.</u> at 535 (quoting <u>Ackermann v. United States</u>, 340 U.S. 193, 199 (1950) (emphasis added)); <u>see also Aiken v. Ingram</u>, 652 F.3d 496, 501 (4th Cir. 2011) (en banc) ("To give Rule 60(b)(6) broad application would undermine numerous other rules that favor the finality of judgments . . . ."); <u>Dowell v. State Farm Fire & Cas. Auto. Ins. Co.</u>, 993 F.2d 46, 48 (4th Cir. 1993) ("Although Rule 60(b)(6) is a catchall provision . . ., case law limits the reasons for which a court may grant relief under Rule 60(b)(6)."). Further, the Supreme Court has emphasized that

8

"[s]uch circumstances will <u>rarely</u> occur in the <u>habeas context</u>."
<u>Gonzalez</u>, 545 U.S. at 535 (emphasis added). Finally, in the
specific area of habeas claims-processing rules, the Supreme Court
has declared that a post-judgment change in controlling precedent
"is <u>hardly extraordinary</u>." <u>Id.</u> at 537 (emphasis added).

Consistent with the foregoing principles articulated by the
Supreme Court, the Fourth Circuit long has held that "a change in
decisional law subsequent to a final judgment provides <u>no basis</u> for
relief under Rule 60(b)(6)." <u>Dowell</u>, 993 F.2d at 48 (citing <u>Hall
v. Warden, Md. Penitentiary</u>, 364 F.2d 495, 496 (4th Cir. 1966) (en
banc)) (emphasis added); <u>see also</u> <u>Wadley v. Equifax Info. Servs.,
LLC</u>, 296 F. App'x 366, 369 (4th Cir. 2008) ("Nor was the change in
decisional law . . . sufficient to establish 'extraordinary
circumstances' under Rule 60(b)(6)." (citing <u>Dowell</u>, 993 F.2d at
48)). Moreover, courts in the Fourth Circuit (including this one)
consistently have applied <u>Dowell</u> to deny Rule 60(b)(6) motions in
collateral review cases where the petitioners relied on post-
judgment changes in precedent that may have undermined prior
rulings made against them. <u>See, e.g.</u>, <u>Jeffus v. United States</u>, No.
1:13CV446, 6:92CR184-2, 2013 WL 10091470, at *1 (M.D.N.C. Oct. 29,
2013) (unpublished) (Peake, M.J.), <u>recommendation adopted</u>, 2015 WL
224949 (M.D.N.C. Jan. 15, 2015) (unpublished) (Tilley, S.J.);
<u>United States v. Pride</u>, No. 1:07CR20, 2012 WL 569852, at *2 (W.D.
Va. Feb. 22, 2012) (unpublished), <u>aff'd in part and appeal</u>

dismissed in part, 487 F. App'x 123 (4th Cir. 2012); United States v. Kelley, Crim. No. 3:04-998-CMC, 2010 WL 5140593, at *3 (D.S.C. Dec. 13, 2010) (unpublished); Colwell v. Warden, Broad River Corr. Inst., C.A. No. 0:10-1100-HMH-PJG, 2010 WL 2429319, at *1 (D.S.C. June 11, 2010) (unpublished), appeal dismissed, 403 F. App'x 787 (4th Cir. 2010); Moore v. Powell, No. 3:97CV595, 2001 WL 34804603, at *1 (E.D. Va. Apr. 30, 2001) (unpublished).  This Court should take the same approach here and should deny Petitioner's attempt to resurrect a habeas claim denied nearly a decade ago based on the intervening change in procedural default rules wrought by Martinez.

Petitioner fails to mention Dowell and its progeny and instead suggests that this Court follow decisions from three other circuits that purportedly "have held that the 'important' or 'remarkable' change in law occasioned by the 2012 decision in Martinez could constitute one of the equitable considerations that may be considered in deciding whether relief should be granted under Rule 60(b)(6)."  (Docket Entry 85 at 5 (internal citation omitted) (citing Cox v. Horn, 757 F.3d 113 (3d Cir. 2014), petition for cert. filed (Nov. 5, 2014), Haynes v. Stephens, 576 F. App'x 364 (5th Cir. 2014), and Lopez v. Ryan, 678 F.3d 1131 (9th Cir.), cert. denied, ___ U.S. ___, 133 S. Ct. 55 (2012)); see also Docket Entry 89 at 3 (citing, in addition to Cox and Lopez, Barnett v. Roper, 941 F. Supp. 2d 1099 (E.D. Mo. 2013)).)  As an initial matter, "the binding Fourth Circuit rule, not [any Third, Fifth, or Ninth]

Circuit rule, guides this [C]ourt." Barbagello v. Potter, No. 1:04CV839, 2005 WL 2460725, at *2 (M.D.N.C. Oct. 4, 2005) (unpublished) (Osteen, Sr., J.); see also Cockerham v. Stokes Cnty. Bd. of Educ., 302 F. Supp. 2d 490, 496 (M.D.N.C. 2004) (Osteen, Sr., J.) ("[T]his [C]ourt is bound to follow the Fourth Circuit's interpretation[s] of [law]."); Pettyjohn v. Mission-St. Joseph's Health Sys., Inc., 202 F.R.D. 208, 209 (W.D.N.C. 2001) ("[T]he proposed 'clear error of law' that plaintiffs perceive . . . is this court's refusal to depart from the clear and binding decisions of the Court of Appeals of the Fourth Circuit in favor of decisions from other circuits which are more favorable to plaintiffs' position. This court simply cannot ignore the well-settled and binding law of this circuit.").

Further, the unpublished Fifth Circuit decision identified by Petitioner does not stand for the cited proposition. See Haynes, 576 F. App'x at 365. Specifically, in that case, the Fifth Circuit "denied [the petitioner's] application [for a certificate of appealability] on the grounds that Martinez, which [the petitioner] tried to claim the benefit of in his 60(b)(6) motion, did not apply in Texas because Texas inmates could raise claims of ineffective assistance of counsel on direct appeal." Id. (internal citation omitted). "After [that] opinion was issued, the Supreme Court held in Trevino v. Thaler, ___ U.S. ___, ___, 133 S. Ct. 1911, 1921 (2013), that the rule from Martinez [] does apply in collateral

11

challenges to Texas convictions. The Supreme Court granted certiorari to [the petitioner], vacated [the Fifth Circuit's] judgment, and remanded for further consideration in light of Trevino." Id. (internal parallel citation omitted). "Pursuant to the Supreme Court's order, [the Fifth Circuit] . . . remand[ed] to the district court to reconsider its denial of [the petitioner's] Rule 60(b)(6) motion in light of Trevino." Id. (internal capitalization for emphasis omitted).

In so doing, the Fifth Circuit expressed no opinion as to whether Martinez (or Trevino) could serve as a basis for relief under Rule 60(b)(6); to the contrary, the Fifth Circuit explicitly "return[ed] th[e] case to the district court without additional advisory instructions as to how to exercise its discretion when considering whether [the petitioner] meets the prerequisites for obtaining relief under Rule 60(b)(6)." Id. (emphasis added). Moreover, published authority from the Fifth Circuit directly contradicts Petitioner's position. See Adams v. Thaler, 679 F.3d 312, 320 (5th Cir. 2012) ("Because the Martinez decision is simply a change in decisional law and is not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6), [the petitioner's] 60(b)(6) motion is without merit." (internal quotation marks omitted)); see also Diaz v. Stephens, 731 F.3d 370, 376-79 (5th Cir.) (holding that Trevino did not invalidate Adams, but nonetheless "assum[ing] arguendo that [another Fifth Circuit

12

decision describing a variety of factors that could bear upon resolution of Rule 60(b) motions generally] may have some application in the Rule 60(b)(6) context" and ruling that said factors did not support relief in that case), cert. denied, ___ U.S. ___, 134 S. Ct. 48 (2013).

"Similarly, [the Eleventh Circuit has] h[e]ld that the change in the decisional law affected by the Martinez rule is not an 'extraordinary circumstance' sufficient to invoke Rule 60(b)(6)." Arthur v. Thomas, 739 F.3d 611, 631 (11th Cir.), cert. denied, ___ U.S. ___, 135 S. Ct. 106 (2014). The Seventh Circuit also reached the same conclusion. See Nash v. Hepp, 740 F.3d 1075, 1078 (7th Cir. 2014) ("[The petitioner] argues that . . . Martinez[] and Trevino . . . constitute extraordinary circumstances warranting relief from judgment under Rule 60(b)(6). This argument is foreclosed by precedent; a change in law showing that a previous judgment may have been incorrect is not an 'extraordinary circumstance' justifying relief under Rule 60(b)(6)."). District courts in the Second and Fourth Circuits have ruled likewise. See Fuller v. Cartlidge, No. 0:09CV1352RBH, 2014 WL 607475, at *3 (D.S.C. Feb. 18, 2014) (unpublished) ("[T]he [c]ourt finds no basis to reconsider its rejection – as procedurally barred – of [the] [p]etitioner's] habeas claim . . . . The decision in Martinez does not give rise to the extraordinary circumstances that would justify relief from judgment under Rule 60(b)(6)."), appeal dismissed, 575

F. App'x 112 (4th Cir. 2014); <u>Figueroa v. Walsh</u>, No. 00CV1160(NGG), 2013 WL 2250208, at *3 (E.D.N.Y. May 22, 2013) (unpublished) ("The <u>Martinez</u> decision is not an extraordinary circumstance meriting relief under Rule 60(b)(6).").

To the extent the Court opts to look past <u>Dowell</u>, it should follow the foregoing authority from the Fifth, Seventh, and Eleventh Circuits, as well as district courts within the Second and Fourth Circuits, and should deem <u>Martinez</u> (and <u>Trevino</u>) an improper foundation for relief under Rule 60(b)(6). That approach adheres to the Supreme Court's teaching in <u>Gonzalez</u> about the meaning of Rule 60(b)(6)'s "extraordinary circumstances" requirement because (in the words of the Seventh Circuit) post-judgment challenges premised on <u>Martinez</u> "involve[] the mundane and 'hardly extraordinary' situation in which the district court applied the governing rule of procedural default at the time of its decision and the caselaw changed after judgment became final," <u>Nash</u>, 740 F.3d at 1078-79 (quoting <u>Gonzalez</u>, 545 U.S. at 536) (other internal quotation marks omitted); <u>see also</u> <u>Figueroa</u>, 2013 WL 2250208, at *4 ("The court's decision – over ten years ago – was correct under the then-prevailing law regarding procedural default. The fact that the Supreme Court changed precedent more than a decade later is not an extraordinary circumstance . . . .").[5]

---

[5] Petitioner's instant Motion asserts that he "does not offer the change in decisional law affected by the <u>Martinez</u> rule alone as
(continued...)

Petitioner has failed to show entitlement to relief under Federal Rule of Civil Procedure 60(b)(6).

---

[5](...continued)

a basis for relief pursuant to Rule 60(b)(6).  Petitioner has demonstrated other 'extraordinary circumstances' and that he would suffer 'extreme hardship' if the [C]ourt failed to grant relief from judgment."  (Docket Entry 85 at 6.)  It appears Petitioner bases that assertion on his analysis of how the circumstances of his case relate to five factors which the Ninth Circuit considered in Lopez (i.e., "[P]etitioner's diligence," "the interest in finality," "'delay between the finality of the judgment and the motion for Rule 60(b)(6) relief,'" "the degree of connection between [Petitioner's] case and Martinez," and "comity") and one factor which the Third Circuit mentioned in Cox (i.e., the obligation of courts to "treat with particular care claims raised in capital cases").  (See id. at 6-9.)  Substantial doubt exists as to whether the cited factors actually favor Petitioner's position (as he suggests); for example, although Petitioner declares that he has acted with "extraordinary diligence" (id. at 7), he waited nearly two and a half years after the Supreme Court decided Martinez to file the instant Motion.  That fact not only suggests a lack of diligence, but arguably provides an independent basis to deny relief. See Boyle v. Kelly, No. 5:06CV117SWW, 2015 WL 235205, at *1 n.4 (W.D. Ark. Jan. 16, 2015) (unpublished) ("[T]he [c]ourt agrees with [the] respondent that [the petitioner] did not file his motion, which again relies, inter alia, on Martinez and Trevino, within a reasonable time as required by Fed. R. Civ. P. 60(c)." (citing In re Paredes, 587 F. App'x 805, 824-25 (5th Cir. 2014), for proposition that Rule 60(b)(6) motion filed 30 months after Martinez and 17 months after Trevino was untimely)).  More importantly, however, at no point, has Petitioner developed any argument that he qualifies for relief under Rule 60(b)(6) independent of Martinez. (See Docket Entry 85 at 4-9; Docket Entry 89 at 1-5.)  Under such circumstances, as the pending certiorari petition filed by the respondent in Cox observes, any purported reliance on a "'multi-factor' test . . . masks reality. . . . Nothing in the 'balance' of 'equities' has moved except that Martinez was decided. . . .  If [the petitioner] and defendants like him receive relief under Rule 60(b)(6), it will only be because habeas procedures changed."  Petition for Writ of Cert. at 12, Wetzel v. Cox, No. 14-531 (U.S. Nov. 5, 2014).  Pursuant to Gonzalez and Dowell, this Court should hold that such decisional changes cannot support relief under Rule 60(b)(6).

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion for Relief from Judgment (Docket Entry 85) be denied, without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

February 13, 2014